UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ORESTES CRUZ, et al.,<br><br>　　　　Respondents. | No. 1:26-cv-00591-DAD-CKD<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 2) |

This matter is before the court on petitioners' *ex parte* motion for a temporary restraining order. (Doc. No. 2.) For the reasons explained below, petitioner's motion will be denied.

**BACKGROUND**

On January 23, 2026, petitioner Gurpreet Singh filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner asserts the following claims in that petition: (1) a violation of substantive due process; (2) a violation of procedural due process; and (3) a violation of due process for failure to consider less restrictive alternatives to detention. (Doc. No. 1 at ¶¶ 44–53.) In support of the pending motion for temporary restraining order, petitioner has alleged the following:

/////

1

Petitioner entered the United States on June 6, 2022, and was detained by ICE. (Doc. No. 1 at ¶ 21.) Petitioner was released pursuant to 8 U.S.C. § 1226 the following day. (*Id.*) On January 6, 2026, petitioner reported to the Stockton ICE Office as required by ICE and was re-detained. (*Id.* at ¶¶ 23–24.) Prior to his re-detention, petitioner was living with his U.S. citizen sister and mother, and had a pending asylum application, which he had filed on February 28, 2023. (*Id.* at ¶ 22.) Since his re-detention, petitioner has not been provided an individualized determination of whether he poses a flight risk or a danger to the community. (*Id.* at ¶ 30.)

Petitioner filed the pending motion for a temporary restraining order on January 23, 2026. In that motion, petitioner requests that the court order his immediate release, or in the alternative, order an individualized bond hearing pursuant to 8 U.S.C. § 1226(a), and enjoin respondents from transferring him pending the resolution of this case. (Doc. No. 2-1 at 20.)

On January 27, 2026, respondents filed their opposition to petitioner's motion for a temporary restraining order. In support of their opposition, respondents provide evidence of the following:

Petitioner was encountered by border patrol in Yuma, Arizona, presumably at or around the time he entered the United States. (Doc. No. 7-1 at 2.) He was issued a Notice to Appear ("NTA") form I-862 and approved for release on his own recognizance. (*Id.*). Petitioner was arrested on January 6, 2026, because the Department of Homeland Security ("DHS") believed he had violated the terms of his release twenty-four times despite warnings to change his behavior. (*Id.* at 3.) The violations include leaving the "Master Zone," missing biometric check-ins, and failing at least two virtual and in-home visits. (*Id.*) These violations occurred between July 11, 2022, and July 4, 2025. (*Id.*) Respondents do not elaborate as to the number or nature of the warnings provided to petitioner regarding the violations. (*Id.*)

Upon his re-detention, petitioner was placed in expedited removal proceedings (Doc. No. 7-2 at 12, 34.) On January 14, 2026, he was interviewed by an asylum officer without counsel present regarding whether he had a credible fear of being removed to India. (*Id.*) Petitioner was found to be not credible by the asylum officer due to inconsistencies in his statement. (*Id.* at 32.)

/////

That determination was reviewed by an Immigration Judge ("IJ") on January 26, 2026, who affirmed the DHS credible fear determination.  (Doc. No. 7-3 at 1–2.)

At the court's direction, on January 30, 2026, petitioner filed a supplemental brief regarding the impact of the post-filing final order of removal.  (Doc. No. 10.)

**LEGAL STANDARD**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted).  The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.").  Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 555 U.S. at 22.

/////

1    The likelihood of success on the merits is the most important *Winter* factor. *See Disney*
2    *Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of
3    demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that
4    "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

**DISCUSSION**

Petitioner initially argues that he is likely to succeed on the merits of his claim because his detention without access to a bond hearing is unlawful pursuant to § 1226(a) and that his continued detention violates due process. (Doc. No. 2-1 at 5–18.) Respondents argue in opposition that because petitioner is now subject to a final removal order, he may be detained pursuant to 8 U.S.C. § 1231(a). (Doc. No. 7 at 3–4.) In petitioner's supplemental brief addressing the impact of the final removal order on consideration of the pending motion, petitioner argues that the request for a temporary restraining order should be evaluated based on the circumstances at the time of its filing, before petitioner was subject to a final removal order, and that petitioner's detention may still be subject to habeas review despite the issuance of that final removal order. (Doc. No. 10 at 3–5.) Petitioner does not seek review of the removal order itself, only his continued detention. (*Id.* at 3.)

"Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). "Section 1226(a)'s detention authority applies pending a decision on whether the alien is to be removed from the United States. By contrast, section 1231(a) applies during an alien's removal period[.]" *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017) (internal citations and quotations omitted). As relevant here, the removal period begins on "[t]he date the order of removal becomes administratively final." *Id.* at 830. Here, petitioner has stated that he is not challenging his final removal order in this habeas action, and he does not suggest that he intends to seek review of the order in any other proceeding. (Doc. No. 10 at 3.) When, as here, an IJ determines that a noncitizen placed in expedited removal proceedings does not have a credible fear of persecution or torture, that decision is final and may not be appealed. *Guerrier v.*

4

1  *Garland*, 18 F.4th 304, 307 (9th Cir. 2021).  Therefore, petitioner's removal order is
2  administratively final and the removal period has commenced.  During the removal period,
3  petitioner is subject to mandatory detention pursuant to § 1231(a)(2)(A).[1]  The Ninth Circuit has
4  found that detention during the 90-day removal period pursuant to § 1231(a)(2)(A) passes
5  constitutional scrutiny.  *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004).

6      Petitioner argues that despite the final removal order, the court should consider the
7  likelihood of success on the merits of his claim based on the circumstances at the time of the
8  filing of this action.  (Doc. No. 10 at 3.)  However, "A petition challenging detention under
9  section 1226 is rendered moot when detention authority shifts to section 1231."  *Baires v. Lynch*,
10 No. 15-cv-03635-RS-PR, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) (citing *De la Teja*
11 *v. United States*, 321 F.3d 1357, 1361–64 (11th Cir. 2003)); *c.f. Prieto-Romero*, 534 F.3d at 1061
12 (noting that, "[b]ecause the IJ had issued a removal order but the alien's time for seeking review
13 of that order had expired, the Eleventh Circuit [in *De la Teja*] correctly concluded that the alien's
14 removal period had begun, providing the necessary prerequisite for detention authority under §
15 1231(a)(2) and (a)(6)").  Based on the foregoing, the court finds that the proper due process
16 analysis is to consider petitioner's detention pursuant to § 1231(a).

17     Petitioner also argues that post-removal order detention remains reviewable pursuant to a
18 petition for writ of habeas corpus, citing *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *Zadvydas* is
19 not applicable to petitioner's case because there, the court was considering whether the post-
20 removal period statute authorized the Attorney General to detain removable noncitizens
21 indefinitely pursuant to § 1231(a)(6).  *Id.* at 682–83.  In *Zadvydas* the Supreme Court specifically
22 stated, "[a]fter entry of a final removal order and during the 90–day removal period . . . aliens
23 must be held in custody."  *Id.*  Here, petitioner is subject to mandatory detention for 90-days
24 pursuant to § 1231(a)(2)(A).  The court therefore finds that petitioner is not likely to succeed on

---

[1] Section 1231(a)(1)(A) provides as follows: " Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."
Section 1231(a)(2)(A) states, "During the removal period, the Attorney General shall detain the alien."  *see also Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *4 (N.D. Cal. Oct. 24, 2025) (noting that detention is mandatory during the removal period).

1 | the merits of his claims asserted in this habeas action, and that he is not entitled to release or a
2 | bond hearing.
3 |     Because petitioner has not carried his burden of establishing that he is likely to succeed on
4 | the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*,
5 | 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important'
6 | factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.")
7 | (quoting *Disney*, 869 F.3d at 856).

**CONCLUSION**

For the reasons above, petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED.

IT IS SO ORDERED.

Dated:  **February 5, 2026**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE