UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH, Petitioner, v. ORESTES CRUZ, et al., Respondents. | No. 1:26-cv-0591-DAD-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Gurpreet Singh is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner asserts the following claims in that petition: (1) a violation of substantive due process; (2) a violation of procedural due process; and (3) a violation of due process for failure to consider less restrictive alternatives to detention.[2] (ECF No. 1, ¶¶ 44–53.) On January 28, 2026, the district court judge assigned to this case denied petitioner's motion for temporary restraining order, finding petitioner was subject to a final order of removal and was at that time subject to mandatory detention under 8 U.S.C. 1231(a)(2)(A). (ECF No. 11.)

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

[2] Petitioner also proceeds on a petition under 28 U.S.C. § 2241 in a related case, No. 1:26-cv-01245-DAD-CKD. That case has a similar motion pending in which respondents request to dissolve a temporary injunction preventing them from transferring or removing petitioner from the United States or out of the Eastern District of California.

Respondent has filed an opposition to the petition. (ECF No. 15.) Respondent's motion to modify judgment to dissolve this district court's no-removal preliminary injunction order is also pending. (ECF No. 17.) For the reasons set forth below, the undersigned recommends the no-removal order be dissolved and the petition be denied without prejudice.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Petitioner is a native and citizen of India who entered the United States on or about June 6, 2022. (ECF No. 1, ¶ 21.) Petitioner was encountered by border patrol in Yuma, Arizona, presumably at or around the time he entered the United States. (ECF No. 7-1 at 2.) He was issued a Notice to Appear ("NTA") form I-862 and released on his own recognizance. (Id.)

On January 6, 2026, petitioner reported to the Stockton ICE Office as required by ICE and was re-detained. (ECF No. 1, ¶¶ 23–24.) According to respondent's evidence, petitioner was arrested that day because the Department of Homeland Security ("DHS") believed he had violated the terms of his release twenty-four times despite warnings to change his behavior. (ECF No. 7-1 at 3.) The violations include leaving the "Master Zone," missing biometric check-ins, and failing at least two virtual and in-home visits. (Id.) These violations occurred between July 11, 2022, and July 4, 2025. (Id.) Respondents do not elaborate as to the number or nature of the warnings provided to petitioner regarding the violations. (Id.) Since his re-detention, petitioner has not been provided an individualized determination of whether he poses a flight risk or a danger to the community. (ECF No. 1, ¶ 30.)

Upon his re-detention, petitioner was placed in expedited removal proceedings. (ECF No. 7-2 at 12, 34.) After petitioner claimed he was afraid to return to India, he was provided information about the Credible Fear Interview. (Id. at 38-41.) On January 13, 2026, petitioner was found to be not credible by an asylum officer due to inconsistencies in his statement. (Id. at 32.)

An Immigration Judge (IJ) considered petitioner's evidence and testimony, and on January 26, 2026, affirmed DHS's credible fear determination. (ECF No. 7-3.) Then the case was returned to DHS to remove petitioner from the United States. (Id. at 2.)

When, as here, an IJ determines that a noncitizen placed in expedited removal proceedings does not have a credible fear of persecution or torture, that decision is final and may not be appealed. Guerrier v. Garland, 18 F.4th 304, 307 (9th Cir. 2021). Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6).

In the absence of ongoing agency review proceedings or judicial review, the removal order is administratively final. See 8 U.S.C. § 1231(a)(2). Petitioner is not entitled to a bond hearing under 8 U.S.C. § 1226, because that section applies to noncitizens detained pending a decision on whether they are to be removed from the United States. 8 U.S.C. § 1226; see Padilla-Ramirez v. Bible, 882 F.3d 826, 833 (9th Cir. 2017) (holding § 1226(a) has no application to a noncitizen "subject to an order of removal that is, by all appearances, administratively final").

Petitioner's detention during deportation proceedings is a constitutionally valid aspect of the process. Demore v. Kim, 538 U.S. 510, 523 (2003). As set forth, petitioner is ordered removed and lawfully detained under 8 U.S.C. § 1231. The government has significant interests in detaining petitioner pending removal and those interests only increase as time passes. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022). Accordingly, petitioner is not entitled to relief on his substantive due process claim—his first ground for relief—or any claim in the third ground for relief that his detention is punitive and not reasonably related to a legitimate government interest.

Petitioner is also not entitled to relief for any violation of procedural due process. To the extent petitioner alleges a pre-deprivation hearing was required, petitioner does not dispute that he violated the conditions of his release. Under those circumstances, "it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight." O.A.C.S. v. Wofford, No. 1:25-CV-01652-DAD-CSK

(HC), 2025 WL 3485221, at *4 (E.D. Cal. Dec. 4, 2025); Singh v. Santacruz, No. 5:26-CV-01784-PD, 2026 WL 1123467, at *3 (C.D. Cal. Apr. 22, 2026) (finding that alleged violation of release conditions constituted changed circumstances which gave the government a legitimate interest in dispensing with pre-deprivation process).

In similar circumstances, some courts have refused to release the petitioners but have ordered timely bond hearings. O.A.C.S., 2025 WL 3485221, at *4; see also Zehtabi v. Chestnut, No. 1:26-CV-01413-DJC-JDP, 2026 WL 524770, at *1 (E.D. Cal. Feb. 24, 2026). In the present case, ordering a bond hearing would not be an appropriate remedy at this time. The authority for petitioner's detention has shifted to 8 U.S.C. § 1231, and under respondents' evidence, ICE currently has a travel document for petitioner to be removed to India if the court's order preventing removal is modified. (ECF No. 17-1 at 2.) Respondents also represent via declaration of a deportation officer that ICE's Commercial Air Operations team would be able to promptly schedule a flight for petitioner to return to India. (Id.)

Under the framework of Mathews v. Eldridge, 424 U.S. 319 (1976), due process does not require a bond hearing. The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation through the procedures used and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner has a "substantial" private interest in freedom from prolonged detention. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (noting general circuit precedent "that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). However, petitioner's private interests are diminished by the fact that he is subject to a final order of removal. See id. at 1208.

The risk of erroneous deprivation of petitioner's liberty is somewhat mitigated. If petitioner is not promptly removed upon lifting of the no-removal order as respondents represent will occur, petitioner can challenge his detention under the framework of Zadvydas, 533 U.S. at 701 (holding that after a presumptively reasonable 6-month period following a final order of removal, if the noncitizen provides good reason to believe that there is no significant likelihood of

removal in the reasonably foreseeable future, then the government must respond with evidence sufficient to rebut that showing).

Finally, the government has an interest in ensuring successful execution of removal orders through detention of removable noncitizens. Rodriguez Diaz, 53 F.4th at 1208. Here, petitioner is under a final order of removal which respondents have been unable to execute due to this court's no-removal order issued prior to the court learning that petitioner was subject to a final order of removal. The Mathews factors considered together do not support granting relief on the present petition.

Petitioner fails to show he is presently in custody in violation of the Constitution or federal law. Accordingly, the undersigned will recommend the no-removal order be dissolved and the petition be denied without prejudice.

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. Respondent's motion to modify judgment to dissolve this district court's no-removal preliminary injunction order (ECF No. 17) be granted.
2. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sing0591.mer